UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kristen Weber, | ) | C/A No. 4:23-cv-05067-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Sustainable Lighting Solutions LLC, | ) | (*Final Notice of deadline for* |
| | ) | *Sustainable Lighting Solutions LLC* |
| Defendant. | ) | *to obtain counsel*) |
| | ) | |

Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In a February 23, 2024 Order, United States District Judge Joseph Dawson granted the motion of counsel for Defendant Sustainable Lighting Solutions LLC ("Defendant" or "SELSCO") to be relieved as Defendant's counsel. ECF No. 13. As counsel has been relieved, SELSCO is now proceeding without representation, or "pro se." As explained by Judge Dawson, as an LLC SELSCO may not proceed without counsel. ECF No. 13. (citing several cases, including *First Hartford Corp. Pension Plan and Trust v. United States*, 194 F.3d 1279, 1290 (Fed. Cir. 1999)).

In the February 23, 2024 Order, Judge Dawson advised SELSCO that it "must obtain counsel and counsel must file a Notice of Appearance in this Court no later than March 23, 2024. Failure to obtain counsel by March 23, 2024, may result in sanctions and/or dismissal of this action." ECF No. 13. *See also* Local Civ. R. 83.I.07 (D.S.C.). Failure to comply with court rules could have serious consequences including, but not limited to, striking a defense, striking a pleading, and/or holding the party in default. That deadline has passed, and counsel has not appeared on SELSCO's behalf.

This following is provided to inform the pro se party of this court's specific procedural rules relating to pro se litigation.

TO DEFENDANT SUSTAINABLE LIGHTING SOLUTIONS LLC
("DEFENDANT" OR "SELSCO")

As explained by Judge Dawson, SELSCO *must* be represented by legal counsel in this court. Lack of resources does not excuse a corporate party's failure to have licensed counsel appear on its behalf, and there is no authority, nor any source of funding, to allow this court to appoint counsel for a corporation in a civil matter. *See WB Music Corp. v. Port City Cruise Line, Inc.*, No. 1:09-cv-742, 2009 WL 3066663 (W.D. Mich. Sept. 22, 2009); *see also* Local Civ. R. 83.I.07 (D.S.C.). Accordingly, SELSCO is advised that it until **April 25, 2024**, to obtain counsel and have that counsel make an appearance.

*Failure to comply with court rules could have serious consequences including, but not limited to, striking a defense, striking a pleading, and/or holding the party in default. Defendant SELSCO is advised that this is its <u>final</u> opportunity to have counsel appear. If Defendant SELSCO fails to obtain counsel licensed to practice in this district who files an entry of appearance by this deadline, the undersigned will recommend SELSCO be placed in default.*

TO THE CLERK OF COURT

The Clerk of Court is to note the following contact information for SELSCO in its current pro-se status and to mail a copy of this order to SELSCO at this address by both regular and certified mail: Sustainable Lighting Solutions LLC; 8637 Refuge Pointe Circle; North Charleston, SC 29420; 843.819.8619.

IT IS SO ORDERED.

*Kaymani D. West*

March 28, 2024  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Defendant's attention is directed to the important notice on the following page**

**IMPORTANT INFORMATION .... PLEASE READ CAREFULLY**

**WARNING TO PRO SE PARTY OR NONPARTY FILERS**

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Office of the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.

**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.

**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.

**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e)(Protective Orders).