IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kristen Weber, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Sustainable Lighting Solutions LLC, )<br>)<br>    Defendant. )<br>_____) | Case No.: 4:23-cv-5067-JD-KDW<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (*See* DE 23.) Plaintiff Kristen Weber ("Plaintiff" or "Weber"), proceeding *pro se*, brings this action alleging discrimination by her former employer, Defendant Sustainable Lighting Solutions, LLC ("Defendant" or "SELSCO"). (*See* DE 1.) Plaintiff alleges, "This is a pregnancy discrimination wherein the Defendant terminated the Plaintiff for an implausible reason seven days after learning that she was pregnant." (*Id.* at 1.)

On February 22, 2024, Counsel for SELSCO filed a Motion to Withdraw as Attorney, and the motion was granted on February 23, 2024. (S*ee* DE 12, DE 13.) As counsel has been relieved, SELSCO would be proceeding "pro se," and SELSCO was advised that it "must obtain counsel and counsel must file a Notice of Appearance in this Court no later than March 23, 2024. Failure

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

to obtain counsel by March 23, 2024, may result in sanctions and/or dismissal of this action." (DE 13), *see also* Local Civ. R. 83.I.07 (D.S.C.).

In a March 28, 2024, Order, the Court issued a Final Notice of the deadline for SELSCO to obtain counsel. (*See* DE 17.) SELSCO was again advised that if counsel did not appear for it within 30 days, it could face "serious consequences, including but not limited to, striking a defense, striking a pleading, and/or holding the party in default." (*Id* at 2.) The extended deadline for obtaining counsel has passed, and counsel has not appeared, nor has SELSCO communicated further with the Court.

The Report was issued on April 29, 2024, recommending that "[a]s new counsel has not appeared on behalf of SELSCO, . . . its answer (ECF No. 5) be stricken and default be entered against SELSCO." (DE 23, p. 2.) Defendant did not file an objection to the Report or sought an extension to retain counsel. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 23) and incorporates it here by reference.

It is, therefore, **ORDERED** that Defendant SELCO's answer is stricken, and the Clerk of Court is directed to enter a default against Defendant SELCO in accordance with Fed. R. Civ. P. 55(a).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 19, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.